JAMES M. WALKER, administrator, *et al.*, plaintiffs in error, *vs.* EDWIN T. WALKER *et al.*, defendants in error.

Distributees are not entitled, as such, to recover anything from the administrators of the estate in which they claim an interest, when it is clearly shown that the estate has become insolvent, without fault of the administrators. An insolvent estate is none the less so because the claims against it are judgments obtained on debts of the intestate, created before June, 1865, to the executions issued upon which it will be necessary for plaintiffs in *fi. fa.*, to attach affidavits of payment of taxes before they can be levied.

Equity. Distribution. Relief Act of 1870. Tax affidavit. Before Judge ROBINSON. Greene Superior Court. March Term, 1872.

Edwin T. Walker, Zachry T. Walker, and Edwin T. Walker, as next friend of Falby Anna Walker, Olin J. Walker, Charles T. Walker, and William P. Walker, all children of Samuel R. Walker, deceased, filed their bill against James M. Walker, administrator, and Burmah E. Walker, administratrix, of said Samuel R. Walker, in which they alleged that said defendants had possessed themselves of the estate of the said intestate, of large value; had converted the same to their own use; had failed to make any distribution of the same; and prayed that an account might be had, and said estate distributed.

The answers of the defendants show that they were appointed administrator and administratrix of Samuel R. Walker, deceased, in the year 1864, and went into possession of his estate; that said estate has since become insolvent through no fault of theirs, and that, therefore, complainants should not be allowed to recover.

The evidence showed outstanding claims against the estate, enough of them in judgment, to absorb the assets. The indebtedness due by the estate was contracted prior to June 1st, 1865, falling within the Relief Act of October 13th, 1870. There was no evidence of bad faith on the part of the defendants.

The jury returned a verdict for the plaintiffs for the sum of $2,500 00.

The defendants moved for a new trial upon the following grounds, to-wit:

1st. Because the verdict was contrary to the following charge of the Court: "That although there might be irregularities in the administration of said estate, if they believed, from the evidence, that the assets in the hands of the defendants were insufficient to pay the debts against the estate of their intestate, the said Samuel R. Walker, that complainants were not entitled to recover anything to the exclusion of any of the creditors of said estate."

2d. Because the verdict of the jury was contrary to law and equity.

3d. Because the verdict of the jury was contrary to, and decidedly against, the weight of evidence.

The motion for a new trial was overruled by the Court, and defendants excepted and assign said ruling as error.

E. L. LEWIS; BAUGH & ARNOLD, for plaintiffs in error.

The answer of defendants can only be rebutted by two witnesses, or one witness, and corroborating circumstancees: Code, sec. 3050; 14th Ga. R., 429. Acquiescence in irregular sale is binding: 23d Ga. R., 151; 21st Ga. R., 187; 23d Ga. R., 255.

ROBINSON & BRANCH, represented by J. A. BILLUPS, for defendants.

MONTGOMERY, Judge.

The evidence clearly shows in this case, that the estate is insolvent. Judgments exist against it, which, if paid, will absorb the entire assets in the hands of the administrators. It also shows that the insolvency of the estate was brought about by events entirely beyond the control of the administrators. It is true, the judgments against the estate are founded on debts contracted before June, 1865, and, therefore, the plain-

tiffs in those judgments will have to attach affidavits of the payment of taxes to their executions, before they attempt to levy and sell. But how can the administrators know that they will not do so? Even if the judgment creditors have not yet paid their taxes, what prevents them from doing so now, and then attaching the affidavits to the executions? Clearly, the distributees are not entitled to a distribution until all these outstanding claims against the estate are in some way disposed of. That done, they will then be in order to require a distribution of whatever may be left, if anything, in the hands of the administrators.

Judgment reversed.